IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ENRIQUE DIAZ | § | |
| v. | § | CIVIL ACTION NO. 9:09cv88 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Enrique Diaz, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Diaz was convicted of two counts of burglary of a habitation in the 71st Judicial District Court of Harrison County, Texas, receiving concurrent sentences of 20 years in prison. His direct appeals were dismissed, and he has unsuccessfully sought habeas corpus relief.

Diaz has also unsuccessfully sought federal habeas corpus relief regarding this same conviction, in Diaz v. Dretke, civil action no. 2:06cv86 (E.D.Tex., dismissed with prejudice on March 19, 2007, certificate of appealability and *in forma pauperis* status on appeal denied by the Fifth Circuit on January 11, 2008).

After review of the pleadings, the Magistrate Judge issued a Report on May 20, 2008, recommending that the petition be dismissed as successive. The Magistrate Judge noted that under 28 U.S.C. §2244(b)(3), before a second or successive petition is filed in the district court, the applicant shall move in the appropriate court of appeal for an order authorizing the district court to consider the application. Diaz did not do so, the Magistrate Judge said, and so the district court lacks jurisdiction to consider his claims until such leave has been obtained.

1

Diaz filed objections to the Magistrate Judge's Report on June 11, 2009. In his objections, Diaz says that in his earlier petition, he was admonished that there were unexhausted claims, and so he went back and sought to exhaust everything by way of filing an out-of-time appeal. Thus, he says that he believes he has only done what he was told to do in order to be heard. Diaz also says that he objects to the new claim of denial of appeal not being entertained.

A review of the records of the prior case shows no mention of any claims being unexhausted. The Magistrate Judge's Report dated February 7, 2007, addresses Diaz's claims on the merits and does not state that any claim is unexhausted, and the Respondent's answer to the petition specifically says that "the Director does not contend that Diaz's petition is unexhausted." Nor do the order of dismissal or final judgment make any reference to any claims being unexhausted. Rather, the order and final judgment make clear that Diaz's claims are being dismissed with prejudice. Diaz's objection on this point is without merit.

Diaz also complains that a new claim, which he did not raise in his earlier petition, was not addressed. Even if this claim was unexhausted at the time that Diaz filed his first petition, the Supreme Court has stated that a habeas petitioner with unexhausted claims who chooses to proceed to adjudication of his exhausted claims may not later assert that a subsequent habeas petition is not second or successive because the new claims were unexhausted at the time he filed the first petition. *See* Burton v. Stewart, 549 U.S. 147, 155-56 (2007).

Under the successive-petition statute, 28 U.S.C. §2244(b), a claim which was presented and adjudicated in a prior petition "shall be dismissed." A claim which is newly presented in a second or successive petition shall be dismissed unless (1) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2)(a) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (b) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the

applicant guilty of the underlying offense. 28 U.S.C. §2244(b); In re Davis, 121 F.2d 952, 954 (5th Cir. 1997). The showing which is required under this statute must be made to the Fifth Circuit Court of Appeals in a motion seeking leave to file a second or successive petition in the district court.

In the present case, as the Magistrate Judge explained, Diaz has not shown that he has obtained leave from the Fifth Circuit Court of Appeals to file a second or successive petition. Hence, the district court lacks jurisdiction to consider his claims, and his petition should be dismissed until such time as such leave is obtained. Diaz's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling conditioned upon the receipt of leave from the Fifth Circuit Court of Appeals to file a successive petition. It is further

ORDERED that the Petitioner Enrique Diaz is hereby DENIED a certificate of appealability *sua sponte*, with such denial referring solely to an appeal of the decision in this case and having no effect upon Diaz's right to seek permission from the Fifth Circuit to file a successive petition, nor upon his right to pursue such a petition once that permission has been obtained. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **26** day of **June, 2009.**

Ron Clark, United States District Judge